IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

TOM GLODO and WILLIAM MURDOCH, )
individually and on behalf of all others )
similarly situated, )
                                             )
                   Plaintiffs, )     Case No.   13-cv-402-DRH-SCW
                                             )
vs. )
                                             )
CPG INTERNATIONAL, INC. and AZEK )
BUILDING PRODUCTS, INC., )
                                             )
                   Defendants.

**MEMORANDUM AND ORDER**

**WILLIAMS, Magistrate Judge:**

Before the Court is a Motion for Leave to File Amended Complaint (Doc. 34) filed by Plaintiffs. Plaintiffs seek to amend their Complaint in order to amend the class definition and add additional allegations regarding AZEK railing. Defendants have filed a Response in opposition to the motion (Doc. 38). Plaintiffs have filed a Reply (Doc. 39). Defendants have also filed a Motion to Stay Discovery (Docs. 30 & 31) pending the Court's resolution of the pending Motion to Dismiss. Plaintiffs have filed a Response (Doc. 36) in opposition to that motion. The Court rules as follows:

**A.     Motion to Amend**

Plaintiffs have filed a motion for leave to file amended complaint (Doc. 34) in order to further define the proposed class. Defendants oppose the motion, arguing that the amendment would be futile, as Plaintiff Glodo has no allegations of actual damages. Defendants argue that because they provided Plaintiff Glodo with free replacement AZEK Rails when his Rails experienced issues, Plaintiff Glodo has no damages.

Pursuant to **FEDERAL RULE OF CIVIL PROCEDURE 15(a)(1)** "[a] party may amend its pleading once as a matter of course" before a response pleading is served. The Court notes, however, that Defendants have filed a Motion to Dismiss pursuant to Rule 12(b)(6), for failure to state a claim. Thus, Plaintiffs must now seek to further amend the Complaint pursuant to Rule 15(a)(2) which allows a party to "amend its pleading only with the opposing party's written consent or the court's leave." The Court notes that Rule 15(a)(2) further states that amendments should be freely granted "when justice so requires." As Defendants have filed a response in opposition to the motion, the Court would have to grant Plaintiffs leave in order for them to file their Amended Complaint.

The decision to grant a plaintiff leave to further amend a Complaint under Rule 15(a)(2) is within the sound discretion of the Court. *Pugh v. Tribune Co.*, 521 F.3d 686, 698 (7th Cir. 2008); *Orix Credit Alliance v. Taylor Mach. Works*, 125 F.3d 468, 480 (7th Cir. 1997). However, leave to amend may be denied for several reasons including: "undue delay, bad faith, dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party..., [and the] futility of the amendment." *Barry Aviation, Inc. v. Land O'Lakes Municipal Airport Com'n*, 388 F.3d 682, 687 (7th Cir. 2004); *Guide v. BMW Mortgage, LLC*, 377 F.3d 795, 801 (7th Cir. 2004); *Knapp v. Whitaker*, 757 F.2d 827, 849 (7th Cir. 1985) (court should consider prejudice to non-moving party); *Forman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2s 222 (1962); *Orix Credit Alliance*, 125 F.3d at 480. A court may also deny leave to amend if the proposed amendment would be futile, meaning that it would not survive a motion to dismiss. *See Soltys v. Costello*, 520 F.3d 737, 743 (7th Cir. 2008); *Crestview Village Apts. v. U.S. Dep't Of Housing & Urban Dev.*, 383 F.3d 552, 558 (7th Cir. 2004); *Barry Aviation Inc.*, 377 F.3d at 687 and n. 3 (collecting cases).

While Defendants argue that Plaintiffs' proposed Amended Complaint would be

futile, they have failed to show the futility of the amendment. Defendants argue that the proposed amendment is futile because Plaintiffs have not alleged damages. Specifically, Defendants argue that since Plaintiff Glodo points out that both times his AZEK Rail experienced issues, AZEK provided him with free replacement Rail, Glodo has failed to allege that he suffered any damages. However, as Plaintiff Glodo points out, Glodo alleges damages in the form of the cost of replacement, remediation, and the price difference between what he paid and what he received. The Amended Complaint alleges that the Rail Glodo and others received was not as valuable as it should have been because it was defective. Although AZEK argues that they replaced the defective Rail, they fail to consider that the Rail replaced by AZEK was also allegedly defective and not of the value of the price paid by Plaintiff. Thus, the Court finds that Plaintiffs have adequately alleged damages which would survive a motion to dismiss and, thus, Plaintiffs' Amended Complaint is not futile. Accordingly, the Court **GRANTS** Plaintiff's motion for leave to amend (Doc. 34). Plaintiffs shall have to and including **October 2, 2013** in which to file their Amended Complaint.

**B.    Motion to Stay**

Defendants have also filed a Motion to Stay Discovery (Docs. 30 & 31) in which they seek to stay discovery pending resolution of their motion to dismiss (Docs. 13 & 14). The Court first notes that Defendants' motion to dismiss seeks to dismiss Plaintiff Glodo as a class representative, dismiss the nationwide allegations, or transfer this matter to the United States District Court for the District of New Jersey. Plaintiffs have filed a Response (Doc. 36) in opposition to the motion. To the extent that Defendants' motion to dismiss is still viable,[1] the Court **DENIES** Defendants' motion to stay discovery pending resolution of the motion to dismiss.

---

[1] As Plaintiffs have been granted leave to file an Amended Complaint which purportedly addresses some of the concerns in the motion to dismiss, namely by amending the class definition and allegations, the district judge presiding in this case may determine that those amendments make the motion to dismiss moot. Such determination, however, is left to the discretion of the district judge after a review of the Amended Complaint. Defendants have also indicated that they would file a renewed motion to dismiss once the Amended Complaint is filed, thus the motion to stay is not moot.

The power to issue a stay is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Jackson v. Van Kampen Series Fund, Inc.*, Nos. 06-cv-944-DRH, 06-cv-994-DRH, 2007 WL 1532090, at * 2 (S.D. Ill. May 24, 2007) (quoting *Landis v. North Am. Co.*, 299 U.S. 248, 254, 57 S.Ct. 163, 81 L.Ed. 153 (1936) (internal citations omitted)). The decision to issue a stay rests within the district court's discretion, subject to the requirement that such a discretion be exercised in a manner that is consistent with equity and judicial economy. *See Radio Corp. of Am. v. Igoe*, 217 F.2d 218, 220 (7th Cir. 1955)(citing *Landis*, 299 U.S. at 354); *Patterson v. Avery Dennison Corp.*, 281 F.3d 676, 681 (7th Cir. 2002) (broad discretion in matters of discovery); *Cherokee Nation of Okla. v. United States*, 124 F.3d 1413, 1416 (7th Cir. 1997) (when and how to stay proceedings within sound discretion of the court); *Semien v. Life Ins. Co. of N. Am.*, 436 F.3d 805, 813 (7th Cir. 2006) (broad discretion in controlling discovery); *George v. Kraft Foods Global, Inc.*, No. 06-cv-798-DRH, 2006 WL 3842169, at *1 (S.D.Ill. Dec. 22, 2006). A stay of discovery is generally only appropriate when a party raises a potentially dispositive threshold issue. *United States Catholic Conference v. Abortion Rights Mobilization, Inc.*, 487 U.S. 72, 79-80, 108 S.Ct. 2268, 101 L.Ed.2d 69 (1988); *Landstrom v. Ill Dep't of Children & Family Servs.,* 892 F.2d 670, 674 (7th Cir. 1990) (qualified immunity should be decided before allowing discovery).

Here, the Court finds that a stay is not in the interest of judicial economy in this case as it appears to this Court that Plaintiffs have articulated a valid theory of liability which would survive a motion to dismiss. Further, Plaintiffs have sought to amend their Complaint to cure some of the defects in their allegations raised by Defendants in the motion to dismiss. However, even if the district court ultimately deemed Plaintiffs' theory unsound and dismissed part of the Amended Complaint or transferred the remainder of the Complaint as requested by Defendants, the case would

still be viable in some fashion, as Defendants acknowledge. Defendants acknowledge in their motion to dismiss that Plaintiff Godo could pursue an individual claim for defective Rail and also ask that the class claims be transferred to the District of New Jersey. Thus, allowing discovery to proceed in this case would not be fruitless as Defendants' motion to dismiss is not dispositive of the entire case. Accordingly, the Court **DENIES** Defendants' motion to stay (Docs. 30 & 31).

    **IT IS SO ORDERED**.
    DATED: September 25, 2013.

                                                            */s/ Stephen C. Williams*
                                                             STEPHEN C. WILLIAMS
                                                             United States Magistrate Judge